IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ALEXANDER DANILOFF**,<br>　　　Plaintiff,<br><br>v.<br><br>**GOOGLE, LLC and MICHAEL KEOWN**,<br>　　　Defendants. | Case No. 3:22-cv-01271-IM<br><br>**OPINION AND ORDER GRANTING DEFENDANT GOOGLE, LLC'S MOTION TO DISMISS** |

Alexander Daniloff, Daniloff Law Firm, 3875 SW Hall Blvd., Suite A, Beaverton, OR 97005. Attorney for Plaintiff.

Megan K. Houlihan, Perkins Coie, LLP, 1120 NW Couch Street, 10th Floor Portland, OR 97209. Attorney for Defendant Google, LLC.

**IMMERGUT, District Judge.**

　　　Plaintiff Alexander Daniloff ("Plaintiff") filed suit against Defendants Google, LLC ("Google") and Michael Keown in the Circuit Court of the State of Oregon for the County of Washington on July 21, 2022, alleging defamation arising out of a negative review posted on Plaintiff's Google Business profile. ECF 1-1, Ex. A. On August 25, 2022, Defendant Google removed the case to federal court. ECF 1. Before this Court is Defendant Google's Motion to Dismiss. ECF 8. For the following reasons, this Court GRANTS Defendant Google's motion without leave to amend.

PAGE 1 – OPINION AND ORDER

**STANDARDS**

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In evaluating the sufficiency of a complaint's factual allegations, the court must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). To be entitled to a presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must draw all reasonable inferences from the factual allegations in favor of the plaintiff. *Newcal Indus., Inc. v. Ikon Office Sol.*, 513 F.3d 1038, 1043 n.2 (9th Cir. 2008). The court need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Mashiri v. Epsten Grinnell & Howell*, 845 F.3d 984, 988 (9th Cir. 2017) (quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678).

PAGE 2 – OPINION AND ORDER

## BACKGROUND

Plaintiff asserts a defamation claim against Defendants Google and Keown, seeking damages in the amount of $300,000 and the removal of allegedly defamatory statements from Plaintiff's Google Business profile, among other remedies. *Id.* at ¶¶ 29–30. Defendant Google filed a motion to dismiss on September 1, 2022, ECF 8. Plaintiff filed a response to Defendant Google's motion, ECF 9, and Defendant Google filed a reply to Plaintiff's response, ECF 10.

Plaintiff is the founder of Daniloff Law Firm in Beaverton, Oregon. ECF 1-1 at ¶ 2. Defendant Google is an LLC registered in Delaware, and Defendant Keown is an individual whose last known location was in Kentucky. *Id.* at ¶ 3–4. On May 30, 2022, Plaintiff received an email from Defendant Google that Defendant Keown had left a one-star review on Plaintiff's Google Business profile. *Id.* at ¶ 5. That same day, Plaintiff submitted an electronic request to Defendant Google for the removal of the review. *Id.* at ¶ 9. On June 6, 2022, Defendant Google sent an email denying Plaintiff's request for removal, explaining that the review did not violate Defendant Google's policies. *Id.* at ¶ 11. Subsequently, Plaintiff submitted a second removal request and sent a formal demand letter by mail. *Id.* at ¶ 12–13. Defendant Google responded to the letter by requesting a court order and additional information to consider removal and providing a link to report a legal removal issue. *Id.* at ¶ 15. After receiving another request from Plaintiff, Defendant Google emailed Plaintiff to inform him that Defendant would not be able to remove content from third-party web pages. *Id.* at ¶ 17. The review remains on Plaintiff's Google Business profile, as of the date of Plaintiff's complaint. *Id.* at ¶ 29.

## DISCUSSION

Plaintiff brings a defamation claim against Defendants for damages resulting from "the publication and facilitation of . . . defamatory statements" on Plaintiff's Google Business Profile. *Id.* at 1. Relying on the Communications Decency Act ("CDA"), 47 U.S.C. § 230, and the First

PAGE 3 – OPINION AND ORDER

Amendment, U.S. Const. amend I, Defendant Google moves to dismiss Plaintiff's claim for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). ECF 8 at 1. Because Plaintiff's defamation claim treats Defendant Google as the publisher of a third party's content, this Court finds that the CDA immunizes Defendant Google from Plaintiff's claim. Accordingly, this Court does not address Defendant Google's argument that the case be dismissed on First Amendment grounds.

Section 230 of the CDA provides immunity for certain internet-based actors. Specifically, the statute provides that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). The definition of an "interactive computer service" includes "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server." *Id.* § 230(f)(2). The statute further defines an "information content provider" as "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service." *Id.* § 230(f)(3). The statute explicitly immunizes applicable parties from "liability . . . under any State or local law that is inconsistent with [Section 230]." *Id.* § 230(e)(3). Under Ninth Circuit precedent, Section 230 protects from liability "(1) a provider or user of an interactive computer service (2) whom a plaintiff seeks to treat, under a state law cause of action, as a publisher or speaker (3) of information provided by another information content provider." *Kimzey v. Yelp! Inc.*, 836 F.3d 1263, 1268 (9th Cir. 2016) (quoting *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1100–01 (9th Cir. 2009)).

In evaluating Defendant Google's immunity under the CDA, this Court applies the three-factor Ninth Circuit test. *See Kimzey*, 836 F.3d at 1268. First, to determine whether Defendant

Google qualifies as an interactive computer service provider, this Court notes that Google is an operator who passively provides website access to multiple users. *Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1162 (9th Cir. 2008) (en banc) ("A website operator . . . [who] passively displays content that is created entirely by third parties . . . is only a service provider with respect to that content."). Accordingly, as Defendant Google argues and Plaintiff concedes, Google qualifies as an interactive computer service provider. ECF 8 at 5; ECF 9 at 3; *see also* 47 U.S.C. § 230(f)(3); *Lewis v. Google LLC*, 461 F. Supp. 3d 938, 954 (N.D. Cal. 2020) (collecting cases), *aff'd*, 851 F. App'x 723 (9th Cir. 2021); *Gaston v. Facebook, Inc.*, No. 3:12-CV-0063-ST, 2012 WL 629868, at *7 (D. Or. Feb. 2, 2012), *report and recommendation adopted*, No. 3:12-CV-00063-ST, 2012 WL 610005 (D. Or. Feb. 24, 2012).

Second, because Plaintiff premises his defamation claim on Defendant Google's publication of Defendant Keown's review, ECF 1-1, Ex. A, at ¶ 22, this Court finds that Plaintiff seeks to treat Google as a publisher or speaker. *See Kimzey*, 836 F.3d at 1268 (holding that defamation claim based on Yelp review was "directed against Yelp in its capacity as a publisher or speaker" (citing *Barnes*, 570 F.3d at 1102)).

Third, as the allegedly defamatory review was posted by Defendant Keown, ECF 1-1, Ex. A, at ¶ 5–7, this Court finds the relevant information was provided by another information content provider. Rather than allege that Defendant Google created the review, Plaintiff alleges that Defendant Google "hosted" it via Plaintiff's Google Business profile, *id.* at ¶ 30, thereby "material[ly] contribut[ing]" to the defamatory review. ECF 9 at 3. An entity who "contributes materially to the alleged illegality of the conduct" at issue is not entitled to protection under Section 230. *Roommates.com*, 521 F.3d at 1168.

The Ninth Circuit addressed a similar argument in *Kimzey*, a case arising out of a negative review on Yelp's website. *Kimzey*, 836 F.3d at 1265. While the plaintiff in that case claimed that Yelp had "authored" the review at issue through its star-rating system, *id.* at 1268, the Ninth Circuit found that "Yelp's rating system . . . is based on rating inputs from third parties and . . . [is] user-generated data," *id.* at 1270. As such, the Ninth Circuit held that Yelp's actions did not qualify as "creation" or "development" of information and that "the rating system [did] 'absolutely nothing to enhance the defamatory sting of the message' beyond the words offered by the user." *Id.* at 1270–71 (quoting *Roommates.com*, 521 F.3d at 1172).

Defendant Keown's review similarly qualifies as user-generated data and Defendant Google's hosting of that review through its Google Business profile system does not qualify as a material contribution. This Court finds that Plaintiff bases his defamation claim on a review provided by an information content provider other than Defendant Google—thus fulfilling the third factor required under *Kimzey*. *See also id.* at 1265 (observing that a claim "asserting that [an interactive computer service provider is] liable in its well-known capacity as the passive host of a forum for user reviews [is] a claim without any hope under [Ninth Circuit] precedent[]"). Accordingly, Plaintiff's defamation claim against Defendant Google satisfies the Ninth Circuit's three-factor test and Defendant Google is immune under Section 230 of the CDA.

To the extent that Plaintiff relies on Defendant Google's refusal to remove Defendant Keown's review in pursuing his defamation claim, ECF 1-1 at ¶ 11–17; ECF 9 at 4, this Court also holds that Defendant Google is immunized under the CDA for this decision. *Roommates.com*, 521 F.3d at 1170–71 ("[A]ny activity that can be boiled down to deciding whether to exclude material that third parties seek to post online is perforce immune under

section 230."); *see also Barnes*, 570 F.3d at 1105. Accordingly, Defendant Google's Motion to Dismiss, ECF 8, is GRANTED.

## CONCLUSION

This Court finds that the CDA, 47 U.S.C. § 230(c)(1), immunizes Defendant Google from Plaintiff's defamation claim. Accordingly, Defendant Google's Motion to Dismiss, ECF 8, is GRANTED without leave to amend.

**IT IS SO ORDERED**.

DATED this 30th day of January, 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 7 – OPINION AND ORDER